◼ In the Matter of MICHAEL PETROLLE, Petitioner, v STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the State Department of Social Services, affirming the Saratoga County Department of Social Services denial of a grant of aid to dependent children to petitioner and his infant daughter. The petitioner and his paramour live together on real property which had been conveyed by petitioner to the paramour in 1972. He and his paramour are the parents of a daughter and originally the local agency had granted assistance for all three; however, in 1976 that aid was discontinued because of a refusal to grant a mortgage on the real property to the local agency as authorized by subdivision 1 of section 360 and section 106 of the Social Services Law. (See, also, 18 NYCRR 352.27.) Subsequently, the petitioner filed an application for aid to dependent children solely for himself and his daughter on August 5, 1977. This request was denied by the local agency and that denial was upheld by the Commissioner of Social services in a decision on behalf of the State Department of Social Services. The benefits have been denied upon the ground that the petitioner has failed to comply with the request to convey a mortgage of the premises to the local agency. The issues upon appeal are whether or not the petitioner has such an interest in the premises as to permit a conveyance by him of a mortgage or whether or not the agency may nevertheless require such a mortgage. Subdivision 1 of section 360 of the Social Services

Law expressly provides that a local agency may require, as a condition to granting aid to dependent children, that a deed or mortgage be given as to real property owned "by an applicant or applicants, recipient or recipients who is or are legally responsible relatives of the child or children for whose benefit the application is made or the aid is granted". The petitioner has throughout these proceedings insisted that since he as applicant does not own any real property and he is not married to his paramour, the infant's mother, the local agency cannot condition aid upon a mortgage because the paramour is not a recipient of benefits and is not an applicant. At this point it should be noted that his additional contention that his paramour as a current recipient of supplemental security income (SSI) must be excluded from consideration as a member of the household pursuant to 18 NYCRR 352.2 (c) has no merit. For the purposes of section 360 of the Social Services Law, it is apparent that the paramour is an applicant as a matter of law. Section 350.1 of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York defines an applicant and application as follows: "(a) *Applicant.* An *applicant* is a person who, has, directly, or by a representative, expressed, in writing on the authorized form, to a social services official a desire to receive assistance and/or care to have his eligibility considered. In ADC, the relative with whom a child is living or will live is the applicant in the child's behalf. [Emphasis in original.] (b) *Application.* An *application* is an action by which a person indicates, in writing * * * his desire either to receive assistance * * * or to have his eligibility considered by a social services official. Such action shall be considered *an application even though the applicant subsequently withdraws the application or proves, upon investigation, to be ineligible.* [Emphasis in second sentence added.]" The paramour was a recipient of benefits under prior applications and it is obvious that in making his prior applications whereby she received benefits petitioner was necessarily acting as her agent. According to the definition of application as quoted hereinabove, the subsequent denial of eligibility does not render the application nonexistent or a nullity and, accordingly, the paramour remains a current applicant subject to the provisions of subdivision 1 of section 360 of the Social Services Law. Further, since the mother of the infant is living with the infant and remains legally responsible for the infant, the application of the petitioner must be deemed to be by the paramour and the petitioner pursuant to the definition of applicant as quoted hereinabove. The petitioner has failed to demonstrate that the local agency did not have the power and authority to demand the conveyance of a mortgage by his paramour as a condition to the grant of aid. Under such circumstances, it is unnecessary to consider the further determination of the agency that the 1972 conveyance of legal title to the paramour was "illusory". Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.